**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document has been entered electronically in the record of the United States Bankruptcy Court for the Northern District of Ohio.**



Mary Ann Whipple
United States Bankruptcy Judge

Dated: September 24 2012

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | Case No.: 10-30193 |
| | ) | |
| Gamma Center, Inc., | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | Adv. Pro. No. 12-3014 |
| | ) | |
| William L. Swope, Trustee, | ) | Hon. Mary Ann Whipple |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| Stacy Grove, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**MEMORANDUM AND ORDER REGARDING
MOTION FOR SUMMARY JUDGMENT AND JUDGMENT ON THE PLEADINGS**

This adversary proceeding is before the court on Plaintiff's unopposed Motion for Summary Judgment and Judgment on the Pleadings ("Motion"). [Doc. # 13]. Plaintiff is the Trustee in the underlying Chapter 7 case filed by Debtor Gamma Center, Inc. In his complaint, Plaintiff seeks to recover, as preferential transfers under 11 U.S.C. § 547, payments that were made to, or on behalf of, Defendant by Debtor in settlement of a complaint filed in state court alleging sexual harassment and retaliation.

The district court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §1334(b) as a civil proceeding arising under a case under Title 11. This proceeding has been referred to this court by the district court under its general order of reference. 28 U.S.C. § 157(a); General Order 2012-7 of the

United States District Court for the Northern District of Ohio. Proceedings to recover preferences are core proceedings that the court may hear and decide. 28 U.S.C. § 157(b)(1) and (b)(2)(F). Because, as discussed below, the Motion raises facts or matters outside the pleadings, the court treats the Motion as one for summary judgment rather than for judgment on the pleadings. *See* Fed. R. Civ. P. 12(d); Fed. R. Bankr. P. 7012(b).

## **FACTUAL BACKGROUND**

The court gleans the following facts from the complaint, the answer and exhibits attached thereto, and Plaintiff's affidavit. In doing so, the court is mindful of the fact that Defendant's answer was filed pro se and gives it the liberal construction to which it is entitled. *See Haines v. Kerner*, 404 U.S. 519, 596 (1972) (holding pro se pleading to less stringent standard than formal pleadings drafted by lawyers); *Franklin v. Rose*, 765 F.2d 82, 85 (6th Cir.1985) (stating that the allegations of a pro se pleading "are entitled to a liberal construction").

In 2008, Defendant filed a complaint in state court against Debtor Gamma Center, Inc., ("Debtor") and two physicians, alleging claims of sexual harassment and retaliation. [Doc. # 1, Complaint, ¶ 5; Doc. # 9, Answer, ¶ 5 & Ex. A attached thereto]. Defendant was represented in the state court action by the law firm Mowery Youell & Galeano, Ltd. ("Law Firm"). [*See* Doc. # 9, Answer, Ex. A, p. 8]. The state court action against Debtor and the physicians was settled. [Doc. # 9, Answer, p. 2, "Affirmative Defenses," ¶ 2 & Ex. B attached thereto]. Pursuant to the settlement, Debtor issued two checks – one in the amount of $20,000 made payable to the Law Firm and one in the amount of $100,000.00 made jointly payable to the Law Firm and Defendant. [*See id.* and Ex. B attached thereto]. On November 13, 2009, Defendant signed a Settlement Statement indicating that she received $95,470.26 from the Law Firm as the amount due her in full settlement of her claims against Debtor and the Physicians. [*Id.*].

On January 15, 2010, Debtor filed a Chapter 7 bankruptcy petition. [Complaint, ¶ 4; Answer ¶ 4]. Debtor's bankruptcy schedules show debt in the amount of $128,615.32 that is secured by collateral valued by Debtor at $26,800.00, general unsecured debt in the total amount of $710,216.92, and assets with a total value of $373,994.94. [Case No. 10-30193, Schedule D, F and B].[1] The last day to file claims in Debtor's bankruptcy case was June 10, 2010, [*Id.*, Doc. # 20], and the claims register shows claims totaling $405,602.19. As of April 6, 2012, the total amount of funds held by Plaintiff for distribution in Debtor's Chapter 7 case was $91,353.90.

---

[1] The court takes judicial notice of the contents of its case docket and the Debtor's schedules. Fed. R. Bankr. P. 9017; Fed. R. Evid. 201(b)(2); *In re Calder*, 907 F.2d 953, 955 n.2 (10th Cir. 1990); *St. Louis Baptist Temple, Inc. v. Fed. Deposit Ins. Corp.*, 605 F.2d 1169, 1171-72 (6th Cir. 1979) (stating that judicial notice is particularly applicable to the court's own records of litigation closely related to the case before it).

2

## LAW AND ANALYSIS

### I.  Summary Judgment Standard

Under Rule 56 of the Federal Rules of Civil Procedure, made applicable to this proceeding by Federal Rule of Bankruptcy Procedure 7056, summary judgment is proper only where there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c).  In reviewing a motion for summary judgment, however, all inferences "must be viewed in the light most favorable to the party opposing the motion." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-88 (1986).  The party moving for summary judgment always bears the initial responsibility of informing the court of the basis for its motion, "and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits if any' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  Where the moving party has met its initial burden, the adverse party "may not rest upon the mere allegations or denials of his pleading but . . . must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  A genuine issue for trial exists if the evidence is such that a reasonable factfinder could find in favor of the nonmoving party. *Id.*  Although a party fails to respond to a motion for summary judgment, the court must nevertheless satisfy itself that the moving party has met the demands of Fed. R. Civ. P. 56 before granting the motion.  *See Guarino v. Brookfield Twp. Trustees*, 980 F.2d 399, 407 (6th Cir. 1992).

### II.  Preferential Transfers under 11 U.S.C. § 547

Plaintiff seeks to avoid transfers made by Debtor in the total amount of $120,000.00 in settlement of Defendant's sexual harassment lawsuit as preferences under 11 U.S.C. § 547(b).[2]  Section 547(b) provides as follows:

> Except as provided in subsection (c) and (i) of this section, the trustee may avoid any transfer of an interest of the debtor in property–
> (1) to or for the benefit of a creditor;
> (2) for or on account of an antecedent debt owed by the debtor before such transfer was made;

---

[2] Although Plaintiff also asks the court to grant a monetary judgment against Defendant, he has pled only an avoidance claim.  Plaintiff has not pled a claim for recovery under 11 U.S.C. § 550.  *See Suhar v. Burns (In re Burns)*, 322 F.3d 421, 427 (6th Cir. 2003) (explaining that "avoidance and recovery are distinct concepts and processes" that "are addressed in two separate sections of the code, 11 U.S.C. § 544 and § 550, respectively, and have two separate statutes of limitations, 11 U.S.C. § 546(a) and § 550(f), respectively").  That is of particular significance in this adversary proceeding because there is no averment as to whether Debtor is the initial transferee, or a mediate or immediate transferee from an initial transferee as to all or any part of the settlement payment amounts for purposes of recovery of any avoided transfer under § 550.  The Law Firm may be an initial, immediate or mediate transferee with respect to recovery of any avoided transfer under § 550. The Law Firm is not a party in this adversary proceeding.  It is not for the court to adopt a particular characterization of the fund recipients where none has been averred and no § 550 claim has been pled.

>     (3) made while the debtor was insolvent;
>     (4) made–
>         (A) on or within 90 days before the date of the filing of the
>         petition; . . .
>     (5) that enables such creditor to receive more than such creditor would
>     receive if–
>         (A) the case were a case under chapter 7 of this title;
>         (B) the transfer had not been made; and
>         (C) such creditor received payment of such debt to the extent
>         provided by the provisions of this title.

While § 547(b) authorizes the avoidance of certain prepetition transfers, the Bankruptcy Code excepts from avoidance the types of transfers described in § 547(c). Plaintiff has the burden of proving all five of the elements making a transfer avoidable under § 547(b). While the party against whom recovery or avoidance is sought has the burden of proving that a transfer is not avoidable under one of the affirmative defenses of § 547(c), 11 U.S.C. § 547(g), Defendant has not asserted any such defenses.[3]

The pleadings in this case show that Debtor owed Defendant a debt pursuant to an agreement settling Defendant's sexual harassment lawsuit such that Defendant was a creditor of Debtor at the time of the transfers at issue and, thus, that the payment received by Defendant was a payment of an antecedent debt owed by Debtor. The pleadings and exhibits attached thereto also show that the transfers were of an interest of Debtor in property, namely, funds in its checking account. The court notes that Debtor made two transfers by check - the first was made payable to the Law Firm in the amount of $20,000 and the second was made payable to both the Law Firm and Defendant in the amount of $100,000.00. Although Defendant received only $95,470.26 of the total amount transferred, with the Law Firm retaining the balance, the transfers made to and retained by the Law Firm were nevertheless made for the benefit of Defendant – *i.e.* as payment of attorney fees owed by Defendant.

The record before the court also shows that Defendant received more than she would have received had the transfers not been made and she received her pro rata share of the property of the estate under Chapter 7. The funds transferred by Debtor were in full settlement of Defendant's claims against Debtor. Creditors in Debtor's Chapter 7 case will not receive full payment of their claims as demonstrated by the fact that claims totaling $405,602.19 have been filed and Debtor's assets on the date of filing are valued at

---

[3] In her Answer, Defendant asserts as an affirmative defense that the debt owed to her by Debtors is a nondischargeable debt. The dischargeability of a debt has no bearing on whether a transfer in payment of such debt was preferential under § 547(b). Rather the dischargeability issue is between the debtor and a specific creditor and does not involve the bankruptcy estate. The avoidance action, on the other hand, is being pursued on behalf of the estate for the benefit of all creditors. To the extent a payment on a non-dischargeable debt is avoided, the debtor would still remain liable for it. More significantly, however, the Debtor in this case is an entity. An entity does not receive Chapter 7 bankruptcy discharge. *See* 11 U.S.C. § 727(a)(1)("The court shall grant the debtor a discharge unless–(1) the debtor is not an individual.").

only $373,994.94. Debtor's assets consist primarily of accounts receivable in the amount of $325,653.33. However, the total amount of funds held by Plaintiff for distribution in the underlying bankruptcy case as of April 6, 2012, is only $91,353.90. Thus, had the transfers not been made, Defendant's pro rata share of the bankruptcy estate would have been far less than the total amount paid by Debtor in settlement of Defendant's claims against it.

However, the court finds the evidence insufficient to satisfy Plaintiff's burden of showing that the transfers at issue were made within ninety days before the date of the filing of Debtor's bankruptcy petition and, thus, that they were made while Debtor was insolvent. While it is true, as Plaintiff asserts, that there is a statutory presumption of insolvency during the ninety days immediately preceding the filing of bankruptcy, *see* 11 U.S.C. § 547(f), the evidence is insufficient to find that Debtor made the transfers during that ninety day period. Plaintiff relies on the Settlement Statement attached as Exhibit B to Defendant's answer that was signed by Defendant on November 13, 2009, acknowledging receipt of $95,470.26 by her from the Law Firm in full settlement of her claims against Debtor. The Settlement Statement sets forth the distribution between Defendant and the Law Firm of the transfers received from Debtor by the Law Firm on Defendant's behalf. While November 13, 2009, which is within ninety days of Debtor filing its bankruptcy petition, is the date Defendant actually received any funds transferred by Debtor, it is not the relevant date the court must consider in determining whether the transfers are preferential under § 547(b). Rather, for preference purposes, a transfer made by check is deemed to occur on the date the drawee bank honors the check. *Barnhill v. Johnson*, 503 U.S. 393, 394-95 (1992). The record is silent as to when the checks tendered by Debtor to Defendant and the Law Firm were honored by the drawee bank.

To the extent that Plaintiff is able to show that the checks were honored during the ninety days prior to Debtor filing its petition, all elements of his avoidance claim under § 547(b) will be satisfied. The court will, therefore, give Plaintiff the opportunity to properly support that element of his claim. *See* Fed. R. Civ. P. 56(e)(1); Fed. R. Bankr. P. 7056.

**THEREFORE,** for the foregoing reasons, good cause appearing,

**IT IS ORDERED** that Plaintiff is granted until **November 1, 2012,** to supplement his motion for summary judgment with evidence of the date on which Debtor's drawee bank honored the checks constituting the challenged transfers, absent which the court will enter an order denying Plaintiff's motion for summary judgment.

###