**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document has been entered electronically in the record of the United States Bankruptcy Court for the Northern District of Ohio.**



Mary Ann Whipple
United States Bankruptcy Judge

Dated: December 28 2012

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | Case No.: 10-30193 |
| | ) | |
| Gamma Center, Inc., | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | Adv. Pro. No. 12-3014 |
| | ) | |
| William L. Swope, Trustee, | ) | Hon. Mary Ann Whipple |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| Stacy Grove, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

### MEMORANDUM AND ORDER REGARDING MOTION FOR SUMMARY JUDGMENT

This adversary proceeding is before the court on Plaintiff's unopposed Motion for Summary Judgment [Doc. #13] and Plaintiff's supplement to his motion [Doc. # 22]. Plaintiff is the Trustee in the underlying Chapter 7 case filed by Debtor Gamma Center, Inc. In his complaint, Plaintiff seeks to recover, as preferential transfers under 11 U.S.C. § 547(b), two payments in the total amount of $120,000.00 that were allegedly made to, or on behalf of, Defendant by Debtor in settlement of a complaint filed in state court.

Section § 547(b) of Title 11 provides as follows:

Except as provided in subsection (c) of this section, the trustee may avoid any

>transfer of an interest of the debtor in property–
>>(1) to or for the benefit of a creditor;
>>(2) for or on account of an antecedent debt owed by the debtor before such transfer was made;
>>(3) made while the debtor was insolvent;
>>(4) made–
>>>(A) on or within 90 days before the date of the filing of the petition; . . .
>>
>>(5) that enables such creditor to receive more than such creditor would receive if–
>>>(A) the case were a case under chapter 7 of this title;
>>>(B) the transfer had not been made; and
>>>(C) such creditor received payment of such debt to the extent provided by the provisions of this title.

On September 24, 2012, the court entered a Memorandum and Order Regarding Motion for Summary Judgment, finding that the evidence satisfied Plaintiff's burden of proving all but two of the elements under § 547(b). Specifically, the court found the evidence insufficient to satisfy Plaintiff's burden of showing that the transfers at issue were made within ninety days before Debtor filed its bankruptcy petition on January 15, 2010, and, thus, that they were made while Debtor was insolvent. In support of that fact, Plaintiff had relied solely on a Settlement Statement prepared by the law firm Mowery, Youell & Galeano, Ltd. (Law Firm) that represented Defendant in the state court action, which is attached as Exhibit B to Defendant's answer. The Settlement Statement states that the Law Firm received two checks from Debtor - one made payable solely to the Law Firm in the amount of $20,000.00 and one made jointly payable to the Law Firm and Defendant in the amount of $100,000.00. [Doc. # 9 and attached Ex. B]. The Settlement Statement then shows a deduction for attorney fees and expenses that were due and owing to the Law Firm and that a balance of $95,470.26 was due to Defendant. *Id.* Defendant signed the Settlement Statement on November 13, 2009, acknowledging receipt of the $95,470.27 by her from the law firm in full settlement of her claims against Debtor. *Id.* Although November 13, 2009, is within ninety days of Debtor filing its bankruptcy petition, the court found that the relevant date for determining whether the transfers are preferential under § 547(b) was not the date Defendant actually received the funds from the law firm but, rather, the date the drawee bank honored the checks. *See* Doc. # 14, p. 5 (citing *Barnhill v. Johnson*, 503 U.S. 393, 394-95 (1992)). However, the record was silent as to when the checks tendered by Debtor were honored by the drawee bank.

Finding that, to the extent Plaintiff is able to show that the checks were honored during the ninety days prior to Debtor filing its petition, all elements of his avoidance claim under § 547(b) would be satisfied,

the court granted Plaintiff the opportunity to supplement his motion for summary judgment with evidence supporting that fact. *See* Fed. R. Civ. P. 56(e)(1); Fed. R. Bankr. P. 7056. To that end, Plaintiff submitted copies of the checks obtained from the drawee bank. Although the court cannot determine the date the checks were honored, both checks are dated October 24, 2009, a date within ninety days of Debtor filing its petition. This evidence, together with evidence that Defendant actually received a distribution of funds from the $100,000.00 check made jointly payable to both her and the law firm on November 13, 2009, satisfies Plaintiff's burden of showing that the $100,000.00 transfer by Debtor was in fact made within the ninety-day preference period and, thus, also made while Debtor was insolvent. Although Defendant received only $95,470.26 of the $100,000.00 transfer, with the Law Firm retaining the balance, that transfer was nevertheless made for the benefit of Defendant, which is made clear by the fact that the check was made jointly payable to the Law Firm and Defendant and that a portion of those funds were used to pay attorney fees owed by Defendant. The court thus finds that Plaintiff has satisfied his burden of proving all elements of his avoidance claim under § 547(b) with respect to the $100,000.00 transfer by Debtor.

However, Plaintiff has not met his burden under § 547(b) with respect to the $20,000.00 transfer by Debtor. That transfer was made by a check payable only to the Law Firm. The Law Firm is not a defendant in this proceeding. Neither the settlement agreement resolving Defendant's state court lawsuit nor any other evidence has been offered to show that Defendant, rather than the Law Firm, was a creditor of Debtor with respect to the $20,000.00 transfer. Because there are factual scenarios that could conceivably result in a determination that the Law Firm, not Defendant, was Debtor's creditor with respect to that transfer, Plaintiff's motion for summary judgment will be denied as to the $20,000.00 transfer.

**THEREFORE,** for the foregoing reasons and those set forth in the court's Memorandum and Order Regarding Motion for Summary Judgment entered on September 24, 2012, good cause appearing,

**IT IS ORDERED** that Plaintiff's Motion for Summary Judgment is **GRANTED** with respect to the $100,000.00 transfer by Debtor and **DENIED** as to the $20,000.00 transfer by Debtor; and

**IT IS FURTHER ORDERED** that this adversary proceeding be, and hereby is, set for a Further Pretrial Conference on **January 8, 2013, at 11:00 a.m.**, Courtroom No. 2, Room 103, United States Courthouse, 1716 Spielbusch Avenue, Toledo, Ohio.